IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HARRY W. ANDERSON, | § | |
| | § | |
| Defendant Below- | § | No. 22, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1206018361 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: February 4, 2015
Decided:   March 24, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 24th day of March 2015, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1)   The appellant, Harry Anderson, filed this appeal from a Superior Court order denying his motion for correction of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Anderson's opening brief that his appeal is without merit. We agree and affirm.

(2)   On January 24, 2013, Anderson pled guilty to two counts of Burglary in the Third Degree. In exchange for his plea, the State dismissed several other criminal charges. The State also agreed to seek habitual offender sentencing on only one of Anderson's convictions and to recommend a sentence of no more than

six years on that conviction. On March 5, 2013, the State filed a motion to declare Anderson a habitual offender, which the Superior Court granted. On September 20, 2013, the Superior Court sentenced Anderson as a habitual offender on the first count of burglary to six years at Level V incarceration. On the second count, the Superior Court sentenced Anderson to three years at Level V incarceration to be suspended entirely for eighteen months at Level III probation. This Court affirmed on direct appeal.[1]

(3) On December 19, 2013, while his direct appeal was still pending, Anderson filed a motion for reduction of sentence. On August 8, 2014, Anderson filed a motion for correction of sentence. The Superior Court denied both motions on September 8, 2014. Anderson did not appeal. On August 19, 2014, Anderson filed his second motion for correction of sentence, which the Superior Court denied on September 8, 2014. Again, Anderson did not appeal. On September 22, 2014, Anderson filed a document entitled "Motion for Extraordinary Circumstances," seeking correction or modification of his sentence. The Superior Court denied that motion on December 23, 2014. This appeal followed.

(4) In his opening brief on appeal, Anderson argues that the Superior Court erred in refusing to correct his sentence because his six-year sentence for Burglary in the Third Degree, a nonviolent felony, exceeded the statutorily

---

[1] *Anderson v. State*, 2014 WL 3511717 (Del. July 14, 2014).

2

authorized limits. Anderson appears to argue that the Superior Court was authorized to sentence him as a habitual offender for Burglary in the Third Degree, a nonviolent felony, to no more than nine months at Level V incarceration.

(5) Anderson is incorrect. Under the habitual offender statute, 11 *Del. C.* § 4214(a), the Superior Court, in its discretion, was authorized to sentence Anderson to a term of up to life in prison. Anderson's argument to the contrary is based on a misreading of the statute.[2] This Court previously held that Anderson's guilty plea was knowing and voluntary, that Anderson agreed to be sentenced as a habitual offender, and that Anderson agreed to the State's sentence recommendation of six years at Level V incarceration.[3] The Superior Court imposed the recommended sentence, which was well within the authorized limits. There is nothing illegal about Anderson's sentence.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[2] *Foster v. State*, 2012 WL 11619 (Del. Jan. 3, 2012).

[3] *Anderson v. State*, 2014 WL 3511717 (Del. July 14, 2014).

[4] *Hall v. State*, 2010 WL 4156348 (Del. Oct. 21, 2010).

3